UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAUDO FOFANA,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General,<br>    Respondent. | CASE NO. C08-287-JLR-JPD<br><br>REPORT AND RECOMMENDATION |

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se, has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his removal from the United States to Gambia. (Dkt. 8).[1] In the petition, petitioner argues that the Attorney General is using a false passport to remove him to Gambia in violation of his due process rights. Petitioner requests that the Court issue an injunction ordering respondent to "use only a valid passport or other travel document for the removal of Petitioner." *Id.* at 7. Within the amended petition, petitioner has also requested a stay of removal pending the resolution of the habeas petition in this Court.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

---

[1] Petitioner has previously filed two habeas petitions in this Court challenging his detention pending his removal from the United States. *See Fofana v. Clark*, Case No. C06-924-JLR-JPD, *Fofana v. Clark*, Case No. C05-1775-RSM. Both habeas petitions were denied.

REPORT AND RECOMMENDATION
PAGE – 1

and request for stay of removal, Dkt. 8, be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Gambia. On February 16, 2002, he entered the United States at New York, New York, using a Gambian passport under the name Muhammad Fofana. (*Fofana v. Clark*, Case No. 06-924-JLR-JPD, Dkt 18 at R114, R169, L215-17). The passport listed petitioner as a native and citizen of Gambia with a birth date of August xx, 1970. *Id.* Petitioner was admitted to the United States as a B-2 non-immigrant visitor for pleasure. *Id.* On February 13, 2003, petitioner filed an application for asylum under the name Maudo Fofana. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at L173-83, L311). Although petitioner was admitted as a B-2 visitor with a Gambian passport, he claimed that he was a citizen of Sierra Leone, and was born on January xx, 1972. *Id.*

On August 11, 2004, the U.S. Immigration and Customs Enforcement ("ICE") issued a Notice to Appear, placing petitioner in removal proceedings and charging him with removability under Section 237(a)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(A), as an alien who was inadmissible at the time of his admission for not having a valid immigration visa or other valid entry document. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at L 154-55). On November 18, 2004, petitioner was arrested and taken into custody by the FBI, and charged with the crime of Fraud Related to Immigration Documents under 18 U.S.C. § 1546(a), for knowingly and falsely making an asylum application. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at L241-50). On December 3, 2004, petitioner was transferred to ICE custody pursuant to an arrest warrant. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at R111-14). ICE determined that petitioner should remain detained, finding that he is likely to abscond and is a flight risk. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at R112-13). Petitioner requested a bond redetermination hearing before an Immigration Judge ("IJ"). (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at L6). On December 13, 2004, the IJ issued an order denying petitioner bond

on the basis that he was a flight risk. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at L16). Petitioner appealed the IJ's bond decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's order denying bond on March 8, 2005. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at R281-82).

On July 11, 2005, petitioner appeared, with counsel, for a master calendar hearing before an IJ. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at R287). At the hearing, petitioner admitted that he had entered the United States using a Gambian passport under the name Muhammad Fofana, and that he had subsequently submitted an application for asylum under the name Maudo Fofana, asserting that he was a citizen of Sierra Leone. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt. 16, Ex. A at 4). On August 3, 2005, the IJ pretermitted petitioner's application for asylum finding that petitioner knowingly submitted a frivolous asylum application using counterfeit Sierra Leone identity documents, and ordered petitioner removed from the United States to Gambia for failing to possess a valid immigration visa. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at R291-304). Petitioner appealed the IJ's order of removal to the BIA. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt 18 at R307-10).

On November 9, 2005, petitioner pled guilty to the crime of Fraud Related to Immigration Documents in violation of 18 U.S.C. § 1546(a). (*Fofana*, Case No. 06-924-JLR-JPD, Dkt. 16, Ex. A). In the plea agreement, petitioner admitted to knowingly and falsely making an asylum application. *Id*. at 4.[2]

On January 8, 2006, the BIA dismissed petitioner's appeal of the IJ's removal order. (*Fofana*, Case No. 06-924-JLR-JPD, Dkt. 13, Ex. 4). Petitioner filed a Petition for Review of the BIA's decision with the Ninth Circuit Court of Appeals, which remains pending. *See Fofana v.*

---

[2] Petitioner subsequently filed a motion to withdraw his guilty plea. (CR 04-511R, Dkt. #166). On February 7, 2006, following a hearing on the merits, the Honorable James L. Robart denied petitioner's motion to withdraw his guilty plea. (CR 04-511R, Dkt. #176).

REPORT AND RECOMMENDATION
PAGE – 3

*Gonzales*, No. 07-70704 (9th Cir. filed Feb. 7, 2006).

### III.  DISCUSSION

Judicial review of a final order of removal is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005.  REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act").  This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of Appeals.  8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter").  Accordingly, claims by petitioner in which he challenges his removal may not be considered in this habeas corpus action.  Because the Court lacks jurisdiction to review this case, the Court cannot grant petitioner's motion for stay of removal.  Petitioner may raise this issue at the Ninth Circuit Court of Appeals.

### IV.  CONCLUSION

For the foregoing reasons, I recommend that petitioner's petition for writ of habeas corpus, Dkt. 8, be DENIED, and that this action be DISMISSED with prejudice.  A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of March, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 4